## HARRISON v. TULANE, *et al.*

1. Where a contract, made with an agent, is sought to be enforced by the principal, or his assignee, and its validity is questioned, on the ground of fraud, the agent may be called as a witness, to prove what were his declarations at the time the contract was made, without showing any proof of the nature or extent of his authority.

Writ of error to the Circuit Court of Shelby county.

ASSUMPSIT on a promissory note, signed by Tulane and Meshaux, payable to one Pitts, and by him assigned to Harrison.

The defendants pleaded *non assumpsit*, and other pleas, on which issues were joined, and submitted to a jury, who returned a verdict for the defendants, on which judgment was rendered.

At the trial, the defendants called a witness, who swore that the note sued on, was given by the defendants to the witness, as the agent of Pitts, the payee, for the right of said Pitts' cotton cultivator, for a certain section of country, and offered to prove by this witness, the declarations made by him to the defendants, at the time of the purchase. The evidence of these declarations was offered for the purpose of showing that a fraud was practised on the defendants at the said purchase.

This witness was asked by the plaintiff's counsel, whether there was not a written power of attorney under which he acted as the agent of Pitts. The witness answered, that there was such a power, but he had left it at his residence. Thereupon the plaintiff objected to this witness stating what declarations were made by him as the agent of Pitts, unless this power of attorney was produced.

This objection was overruled, and the witness allowed to swear to such declarations. The plaintiff excepted; and this matter is now assigned as error.

PECK, for the plaintiff in error, cited Paley on Agency, 235, 245, note d.; Fisher v. Campbell, 9 Porter, 210; Nixon v. Hyseratt, 6 J. R. 58; Gibson v. Colt, 7 ib. 390; Fenn v. Harrison, 3 T. R. 757; Jeffrey v. Bigelow, 13 Wend. 522; Perkins v. Washington, In. Co. 4 Cowen, 659.

CHILTON, contra, cited Story on Agency, 126, notes 1, 2; McGill v. Hauffman, 4 S. & R. 317; Phillips' Ev. by C. & H. 168, *et sup.* 180, 604.

GOLDTHWAITE, J.—According to our understanding of this case, the nature or the extent of the agent's authority, was entirely immaterial, and therefore the witness was properly enongh allowed to testify to the declarations made by him when the note was given, and which we must presume induced the defendants to give it.

The cases cited by the counsel for the plaintiff in error, only go to prove that the principal is not bound for the unauthorised act of his agent. It is not important to this case to deny such a position, because it is not the condition in which the party stands in connexion with this suit. No attempt is made to charge the principal, but the defendants simply deny that they are bound by this note, because it was procured by fraud.— Whether the agent was invested with authority by the principal to perpetrate it, or whether there was an entire absence of such authority, is immaterial, for the reason that the note is void for such a cause, in either event; and it would be most iniquitous for one, claiming a benefit from the fraudulent act of a person acting as his agent, to say, true it is, a fraud may have been practised, but it was unauthorised by me, and therefore, I will compel the payment of the note which has been taken for my benefit.

The fraud, if it attaches to the security, will vitiate it, and the principal cannot be permitted to disavow the act, as without authority, and immediately reap the benefit of it, as creating a valid contract.

Let the judgment be affirmed.